UNITED STATES DISTRICT Court
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 16 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| WLFRANO PULIDO CERVANTES,<br>    Plaintiff-Petitioner,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>    Defendant-Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. B-98-068<br><br>CRIMINAL NO. B-95-00263-04 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Wlfrano Pulido Cervantes ("Cervantes") filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2255 claiming that his retained trial counsel was ineffective for failing to explain appeal rights. The government has filed a Motion to Dismiss and in the Alternative to Dismiss (Docket No. 3). For the reason set forth below, the government's Motion should be granted.

### BACKGROUND FACTS

Cervantes pled guilty on January 2, 1996, to Count 3, of a six count indictment charging him and others with conspiracy to possess with intent to distribute over 1000 kilograms of marihuana and related offenses. His agreement was that the government would dismiss the remainder of the indictment against him and recommend a three level downward adjustment for acceptance of responsibility and a sentence at the low end of the Guidelines.

The Pre-Sentence Report "scored" Cervantes sentencing range as 135 to 168 months. Because of Cervantes substantial assistance the government moved for a downward departure. Cervantes was sentenced on March 12, 1996, to 108 months in custody, 5 year SRT and a $50.00 special assessment. He did not appeal. His § 2255 petition was filed on May 13, 1998.

## THE § 2255 PETITION

Cervantes claims as the first ground in his petition that he was not given his appeal rights at sentencing and as a second ground that his counsel was ineffective in failing to protect his appeal rights. Cervantes real complaint is that his guideline range was enhanced four points because of his leadership role in the drug transaction for which he was charged.

## RECOMMENDATION

This Court requested Cervantes' retained counsel to furnish an affidavit concerning the appeal rights question. This was filed on November 24, 1998, (Docket No. 11). The Court has also reviewed the sentencing transcript. During his sentencing Cervantes admitted that the matters contained in it were true. His attorney objected to the four point addition for Cervantes' leadership role. The Court overruled this objection and adopted the findings in the presentence report. The Court instructed counsel to discuss appeal rights with Cervantes.

The Hon. C. J. Quintanilla ("Quintanilla"), Cervantes' attorney, in his affidavit, stated that he advised Cervantes that he had the right to appeal in forma pauperis. According to Quintanilla, Cervantes did not wish to appeal. Quintanilla attached a letter dated March 28, 1997, from Cervantes stating that he was contemplating filing a § 2255 petition based on his view that the plea agreement was violated by the four point enhancement. Cervantes concern was that the four point enhancement for a leadership role prevented him from being transferred to a Mexican prison to do his time.

Cervantes petition should be denied on two grounds:

First: Cervantes allegations with respect to his claim that his attorney did not advise him about an appeal are vague and indefinite. *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). On the other

2

hand, Quintanilla's affidavit is specific and credible. It is supported by the March 28, 1997, letter from Cervantes which makes no claim that Quintanilla did not explain appeal rights. It would seem that if Cervantes were making that claim, he would have so informed Quintanilla.

Second: Cervantes' § 2255 petition was not timely filed. His conviction was final on March 12, 1996. The 1996 AEDPA amendment to 28 U.S.C. § 2255 established a one year limitation period for the filing of § 2255 petitions. The Fifth Circuit has held that period began to run for pre amendment cases on April 24, 1996, the effective date of the AEDPA amendments. *United State v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998) Cervantes' time to file his § 2255 petition expired on April 24, 1997. The petition was filed on May 13, 1998. Cervantes' March 27, 1997, letter to Quintanilla in which he states that he was contemplating filing a § 2255 clearly shows, that he was aware of his right to file a habeas petition before the expiration of the limitation period. However, he did nothing for fourteen months more. He argues that the period began to run when a forfeiture judgment was final. The problem with this is that § 2255 clearly and unambiguously states that the limitation period starts to run when the conviction is final not when ancillary matters are decided.

IT IS THEREFORE **RECOMMENDED** that the government's Motion for to Dismiss be **GRANTED** and that Wlfrano Pulido Cervantes' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district Court, provided that the party has been served with notice that such consequences will result from a failure to object.

3

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 16th day of February 1999.

                                                John Wm. Black
                                      United States Magistrate Judge

ClibPDF - www.fastio.com